HIRAM COFFIN *vs.* FOREST H. PETERSON.

Washington.   Opinion December 31, 1880.

*Will.   Devise ; construction of.*

</div>

.'A testatrix owned a twelve acre lot, with a house in its centre.  She devised to one person the easterly half of the house, and the part of the lot lying east of · it "bounded south by the lane," and to  another  person the westerly half of the house, and "the remaining part of the lot, which lies westerly of the ·dwelling house;"  *Held,* that the two devisees took the whole lot, and that ·" the lane" limits the portion first devised, although it varies from the southerly line of the lot, near the centre of the lot, in such a manner as to give the second devisee more than half of the land.

ON REPORT.

'Trespass *quare clausum*.   The case involves the construction «of the will of Louisa J. Bucknam as stated in the opinion.

The plaintiff claims title under the fifth clause of the will ; the defendant justifies under Mary Buzzell who claims the locus under the third clause in the will, being a child and heir of devisee under the third clause.

The plaintiff is husband of such devisee and at date of the will they lived with testatrix to take care of her in the house laid down on the plan, and plaintiff continued to live there until death of testatrix and his wife.

If the will should be so construed as to carry the title to the locus to Mary Buzzell then the judgment is to be for defendant, otherwise for the plaintiff with damages at twelve dollars.

A plan of the premises is shown on the next page.

*Charles Peabody*, for the plaintiff.

*J. A. Milliken*, for the defendant.

PETERS, J.   Two clauses in the will of the testatrix are these : ·
"I give and bequeath unto the Methodist Episcopal Church in

Columbia village, the eastern half part of my dwelling house and its appurtenances, a privilege in the barn and shed, and that part of a twelve acre lot of land which lies to the eastward of the dwelling house, and bounded on the south by the lane." "I give to Mrs. Coffin the western half part of my dwelling house, the barn and shed, and the remaining part of the twelve acre lot which lies westerly of the dwelling house."

Two questions arise. *First:* Do the two devisees take all of the twelve acre lot? *Second:* If they do, is "the lane" the true divisional line between them south of the dwelling house?

We think the testatrix intended the whole of the lot for the two devisees. One devisee takes a part, and the other the "remaining part." The description is not, so much of the remaining part as lies west of the dwelling house, but all of the remaining part, which (in a general sense and for short description) lies westerly of it. The bulk of it lies westerly of the house. This becomes clearer upon an examination of the next question.

We think, too, that "the lane" is a divisional line between the two devisees. It will be seen that an exact and literal construction of the language used would not do. In such case, one devisee would get the land east and the other that west of the house, and neither get the land (of the width of the house) which lies either north or south of it. An exact north and south line would probably divide the house inconveniently for both parties. Neither the lane above nor the lane below the house would be in common between them.

The general rules given for the interpretation of uncertain or contradictory descriptions are stated in *Hathorn* v. *Hinds,* 69 Maine, p. 329. This one applies to this case : That definite boundaries subsequently used will limit the generality of a term previously used, nothing else controlling. This case is considerably like that of *Haynes* v. *Young,* 36 Maine, 557. There a line represented to be running north was found to be partly west. The line deflected very much in the same manner as this line does, from the course called for. See *Jewett* v. *Hussey,* 70 Maine, 433.

The part of the lot first devised is "bounded on the south by the lane." The land, certainly, lies north of the lane, although a portion of the lane is its westerly boundary as well. There was no necessity of invoking "the lane" to assist in the description at all, if the south line of the lot is to strictly govern, for the south line is itself a very definite and certain boundary.

*Plaintiff nonsuit.*

APPLETON, C. J., WALTON, DANFORTH, VIRGIN and LIBBEY, JJ., concurred.